UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00281-FDW

| | |
|---|---|
| DAVID SCHNEBELEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH BEAVER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon pro se Petitioner David Schnebelen's Motion for Extension of Time (Doc. No. 34) to file a notice of appeal of the Court's Judgment (Doc. Nos. 32, 34) granting Respondent's Motion for Summary Judgment (Doc. No. 14) and denying and dismissing Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1). Also before the Court is Petitioner's Request for Reconsideration and Motion to Amend (Doc. No. 35) the Court's Judgment.

**I.     RELEVANT BACKGROUND**

On May 5, 2014, a Burke County Grand Jury indicted Petitioner on one count of manufacturing methamphetamine in violation of N.C.G.S. § 90-95(a)(1) and two counts of possession of an immediate precursor chemical (hydrochloric acid and acetone) knowing or having reasonable cause to believe it would be used to manufacture methamphetamine in violation of N.C.G.S. §§ 90-95(a)(1),(b)(1a), and (d1)(2). The indictment alleged three factors in aggravation including that a minor resided on the property used for the manufacture of methamphetamine.

Defense counsel filed several pretrial motions including: (1) Motion to Continue; (2)

1

Motion for Discovery; (3) Motion to Compel Criminal Discovery Requests; (4) Motion to Suppress and Supporting Affidavit; (5) Supplemental Affidavit in Support of the Motion to Suppress; (6) Motion to Suppress Statements; (7) Motion to Suppress Based on Insufficient Corroboration of Information; (8) Motion to Suppress Based on Timeliness Issue; and (9) Supplemental Motion to Suppress Statements.  On March 30, 2015, the Honorable Carla N. Archie ("Judge Archie"), Superior Court Judge presiding, conducted a hearing on Petitioner's discovery motions and motion for a continuance, which she denied.  See Mar. 30-31, 2015 Hr'g Tr. (Doc. No. 16-3), at 43.  Judge Archie conducted a hearing on Petitioner's motions to suppress on March 31, 2015, at the conclusion of which she made findings of fact and conclusions of law in open court and denied the motions to suppress.  See id. at 149-154.  In an Order filed April 15, 2015, Judge Archie entered written findings of fact and conclusions of law in support of her decision.  See Order on Suppress. Mots., R. on Appeal (Doc. No. 16-2), at 60-63.

On March 31, 2015, after Judge Archie announced her decision on the suppression motions, Petitioner pled guilty to all charges in exchange for dismissal of the aggravating factors and an active consolidated sentence of 110-144 months.  In accordance with the plea agreement, Judge Archie consolidated the offenses and sentenced Petitioner in the presumptive range to 110-144 months imprisonment.

Defense counsel filed a timely notice of appeal for Petitioner on April 2, 2015.  Appellate counsel filed an Anders brief on Petitioner's behalf, stating she was unable to identify an issue with merit to support a meaningful argument for relief on appeal, State v. Schnebelen, 788 S.E.2d 681 (N.C. Ct. App. 2016), but listing three potential claims that arguably might support the appeal, including the trial court's rejection of Petitioner's motion to suppress, see Def.-Appellant's Br. (Doc. No. 16-4), at 16-19.  The North Carolina Court of Appeals ("NCCOA")

found no prejudicial error in the judgment, see Schnebelen, 788 S.E.2d 681, and Petitioner did not seek discretionary review of the NCCOA's decision in the Supreme Court of North Carolina.

Next, Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in Burke County Superior Court, followed by an Amended Motion for Appropriate Relief ("AMAR"), through court-appointed counsel. The Burke County Superior Court denied some of Petitioner's claims, see Initial MAR Order (Doc. No. 16-9), and held an evidentiary hearing on the others. Thereafter, the court entered a written Final Order (Doc. No. 16-1), denying those claims. Petitioner filed a pro se certiorari petition ("PWC") (Doc. No. 16-13) in the NCCOA on August 28, 2018, seeking review of the orders denying his MAR and AMAR. The NCCOA denied the PWC on September 5, 2018, see Doc. No. 16-14.

Petitioner filed a timely § 2254 Petition (Doc. No. 1) in this Court on October 2, 2018. Respondent filed a Motion for Summary Judgment (Doc. No. 14), and Petitioner filed an Amended Response (Doc. Nos. 19, 23). This Court entered an Order on June 2, 2020 (Doc. No. 32), granting Respondent's summary judgment motion and denying and dismissing the § 2254 Petition. As is relevant here, the Court concluded Petitioner had entered a knowing and voluntary guilty plea that foreclosed consideration of a number of the claims raised in the Petition. See Order on § 2254 Pet. (Doc. No. 32), at 8-31.

Petitioner has filed a Motion for Extension of Time (Doc. No. 34) to file a notice of appeal of the Court's Judgment and a Request for Reconsideration and Motion to Amend (Doc. No. 35) the Court's Judgment. Responses from the State are not necessary for the Court to rule on the Motions.

**II.     MOTION FOR EXTENSION OF TIME**

A notice of appeal of the judgment in a civil case must be filed with the district court

3

clerk within 30 days after entry of the judgment or order appealed from, "except as provided in Rule[ ] 4(a)(1)(B) . . . ." Fed. R. App. P. ("FRAP") 4(a)(1)(A). FRAP 4(a)(1)(B) provides, in relevant part, that if a party files a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) or a motion for relief from judgment under FRCP 60(b) within 28 days of entry of that judgment, "the time to file an appeal runs . . . from the entry of the order disposing of the . . . motion." Fed. R. App. P. Rule 4(a)(1)(B).

Petitioner requests an extension of time to file his notice of appeal and requests that such extension,

> be the greater of 30 days, or a reflection of the exclusion of time beginning from the filing of Petitioner's Request for Reconsideration and Leave to Amend [Doc. No. 35], filed in conjunction with this motion, and extending until this Court's final disposition, and return service of said disposition of Petitioner's Request for Reconsideration and Leave to Amend.

(Doc. No. 34). It is not clear to the Court what Petitioner is asking that is not already provided by Rule 4(a)(1)(B); that is, that the 30-day time to file a notice of appeal not begin to run until this Court enters an order disposing of Petitioner's Request for Reconsideration and Motion to Amend (Doc. No. 35). The only notable difference between FRAP 4(a)(1)(B) and Petitioner's request for additional time is that Petitioner asks that the 30 days not begin to run until he has been served a copy of the Court's order disposing of his Request for Reconsideration and Motion to Amend, rather than from the date the Court enters the order.

A district court may extend the time to file a notice of appeal if the motion for extension of time is timely under FRCP 4(a)(5), and the party moving for additional time shows excusable neglect or good cause, id., Rule 4(a)(5)(A)(ii). Petitioner's motion is timely, but he has not cited any reason for the Court to grant the motion. As such, the Court does not have good cause to grant Petitioner's motion for extension of time, and it shall be denied.

4

## III. REQUEST FOR RECONSIDERATION AND MOTION TO AMEND

Petitioner begins his Request for Reconsideration and Motion to Amend, as follows:

> Petitioner's desire and request to amend is based upon his repeated representations, to this Court, of his layman status and his lack of access to a law library or persons trained in the law, in conjunction with this Court's refusal to consider grounds 1, 2, 3, 5, 6 and 8 based upon Petitioner's inference of his plea being involuntary/unknowing, due to the constitutional deprivations outlined within said grounds, being insufficient to overcome his failure to specifically claim his plea was not involuntary/unknowing. Petitioner's amendment is meant to raise a claim of involuntary/unknowing plea in grounds 1, 2, 3, 5, 6, and 8.

(Doc. No. 35).

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under FRCP 59(e), or a motion for relief from judgment under FRCP 60(b). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 278-80 (4th Cir. 2008). Where, as here, the request of reconsideration is filed within twenty-eight days after the final judgment, Rule 59(e) controls. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) ("[A] motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28][1] days after entry of the adverse judgment and seeks to correct that judgment." (citations omitted)); see also Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

A district court may not grant a post-judgment motion to amend unless the court first

---

[1] Rule 59(e) was amended in 2009 to provide a twenty-eight day period within which to file the motion.

5

vacates its judgment. Katyle, 637 F.3d at 470. Where a Rule 59(e) motion seeks both to set aside the court's judgment and to amend the habeas petition, "the court need not concern itself with . . . Rule[ 59(e)'s] legal standards[;] [t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle, 637 F.3d at 471. A motion to amend under FRCP 15 should be granted unless the "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).

It is not clear from the Motion whether Petitioner intends to file an amended habeas petition raising a free-standing claim that his guilty plea was unknowing and involuntary or intends for his Motion to Amend to also serve as a proposed claim that his guilty plea was unknowing and involuntary. To the extent it is the former, the Motion to Amend shall be denied as the Court cannot determine whether a proposed amendment should be granted without seeing the proposed amendment. To the extent it is the later, the Motion to Amend shall be denied as the proposed claim would be futile.

In grounds for relief 1, 2, 3, 5, 6 and 8 of his § 2254 Petition, Petitioner raised claims of constitutional violations that he alleges occurred prior to his guilty plea. Specifically, those grounds for relief raised Fourth and Fifth Amendment claims related to the search of Petitioner's residence and statements Petitioner made to law enforcement officers, Sixth Amendment claims related to trial counsel's investigation of those Fourth and Fifth Amendment issues and preparation for the suppression hearing, and Fourteenth Amendment due process claims related to the trial court's handling of Petitioner's motions to continue, to compel discovery, and to suppress. A knowing and voluntary guilty plea, however, "forecloses federal collateral review"

6

of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992). As such, this Court refused to consider grounds for relief 1, 2, 3, 5, 6 and 8 because they raised claims foreclosed by Petitioner's knowing and voluntary guilty plea. See Order on § 2254 Pet. (Doc. No. 32), at 30-31.

Petitioner is under the mistaken impression that this Court refused to consider grounds 1, 2, 3, 5, 6 and 8 because Petitioner did not raise a free-standing claim that his guilty plea was unknowing and involuntary. See Mot. to Amend § 2254 Pet. (Doc. No. 35), at 1. Petitioner seeks to amend his habeas Petition to add a claim that his guilty plea was unknowing and involuntary because,

> the constitutional deprivations outlined [in grounds 1, 2, 3, 5, 6 and 8] deprived Petitioner of the most fundamental of due process rights – the right to put forth a defense – during what was unquestionably a critical stage of his pretrial process – dispositive suppression hearings – thus leaving Petitioner with no reasonable alternative but to enter a guilty plea to a crime that he did not intend to plead guilty to, and that, absent said constitutional deprivations, he would not have been found guilty of.

Id. at 2-3. Amendment of the § 2254 Petition to add the proposed claim would be futile.

"A guilty plea is valid when it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Order on § 2254 Pet. (Doc. No. 32), at 10 (quoting Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970))). The alternative courses of action open to Petitioner both before and after the suppression hearing were to plead guilty or to plead not guilty and proceed to trial. If Petitioner had lost the suppression motions after a hearing that was completely error-free, constitutional or otherwise, or if there had been no suppression hearing at all, the alternative courses of action available to Petitioner would have been the same: to plead guilty or to plead

7

not guilty and proceed to trial.  Had Petitioner won the suppression hearing, on the other hand, the State would have had to dismiss the case because all the evidence against Petitioner came from the search of his residence.  Petitioner's proposed claim essentially is that his guilty plea was unknowing and involuntary because he was not given a fair chance to win the suppression hearing and have his case dismissed.

Petitioner misunderstands what constitutes a knowing and voluntary guilty plea.  A plea is knowing and voluntary when the defendant is "fully aware of the direct consequences [of the plea], including the actual value of any commitments made to him by the court, prosecutor, or his own counsel," and the plea was not "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)."[2]  Brady v. United States, 397 U.S. 742, 755 (1970).  In its discussion of the knowing and voluntary nature of Petitioner's plea, see Order on § 2254 Pet. (Doc. No. 32), at 8-32, the Court noted that at the plea hearing, under questioning by the state court judge, Petitioner denied that anyone had promised him anything other than what appeared in the plea agreement itself or had threatened him to plead guilty; acknowledged that defense counsel had explained the charges to him, that he understood the nature of and each element of the charges, and that he and defense counsel had discussed possible defenses to the charges; acknowledged that he

---

[2]When a petitioner pleads guilty at the advice of counsel but later claims his guilty plea was not knowing and voluntary, he must demonstrate that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970); see also Blackledge v. Perry, 417 U.S. 21, 29–30 (1974).  Petitioner did not allege in his § 2254 Petition that he pled guilty at the advice of counsel, and Petitioner testified at the post-conviction evidentiary hearing that he had had no intention of proceeding to trial if the motions to suppress were denied, see MAR Hr'g Tr. (Doc. No. 16-11), at 208.

8

understood the terms of the plea agreement and accepted the agreement; and responded that he was entering his plea freely, fully understanding what he was doing, that he was pleading guilty, and that he was, in fact, guilty of the charges to which he was pleading, see id. at 30-31 (citing Mar. 30-31, 2015 Hr'g Tr. (Doc. 16-3), at 159:6-162:3). Petitioner's proposed claim does not allege that he was unaware of the direct consequences of his plea or the actual value of any commitments made to him by counsel, the court, or the prosecutor.

In sum, Petitioner's allegations that he was deprived of his due process rights vis-à-vis the discovery, continuance, and suppression hearings do not implicate the voluntariness of his plea. See, e.g., United States v. Campa-Macias, 358 F. App'x 400, 401 (4th Cir. 2009) (unpublished) ("By pleading guilty Campa-Macias has waived all antecedent non-jurisdictional defects, including the denial of a motion to suppress." (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir.1993))). Consequently, amending the § 2254 Petition to add such a claim would be futile, and Request for Reconsideration and Motion to Amend shall be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Extension of Time (Doc. No. 34) and Request for Reconsideration and Motion to Amend (Doc. No. 35) are **DENIED**.

Signed: June 16, 2020

Frank D. Whitney
United States District Judge