| | |
|---|---|
| DAVID SCHNEBELEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ERIK A. HOOKS, Secretary of ) | |
| Department of Public Safety,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Alter or Amend Judgment and Pleadings [Doc. 37] and Application for Certificate of Appealability and Supporting Brief. [Doc. 44].

## I. BACKGROUND

On May 5, 2014, a Burke County Grand Jury indicted Petitioner on one count of manufacturing methamphetamine in violation of N.C.G.S. § 90-95(a)(1) and two counts of possession of an immediate precursor chemical

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

(hydrochloric acid and acetone) knowing or having reasonable cause to believe it would be used to manufacture methamphetamine in violation of N.C.G.S. §§ 90-95(a)(1),(b)(1a), and (d1)(2). [Doc. 1]. The indictment alleged three aggravating factors. [Id.].

The Petitioner filed several pretrial motions, including a motion to suppress. [Id.]. After the Petitioner's motion to suppress was denied, he pled guilty to all charges in exchange for dismissal of the aggravating factors and an active consolidated sentence of 110-144 months. [Id.].

The Petitioner filed an appeal with the North Carolina Court of Appeals. State v. Schnebelen, 247 N.C. App. 639, 788 S.E.2d 681 (2016). The North Carolina Court of Appeals found no prejudicial error in the judgment. Id. The Petitioner did not seek discretionary review of that decision in the North Carolina Supreme Court.

On November 7, 2016, the Petitioner filed a *pro se* Motion for Appropriate Relief ("MAR") in Burke County Superior Court. [Doc. 16-8]. The Court denied the Petitioner's claims. [Doc. 16-12].

On August 28, 2018, the Petitioner filed a *pro se* petition for writ of certiorari in the North Carolina Court of Appeals. [Doc. 16-13]. On September 5, 2018, the Court of Appeals denied the petition. [Doc. 16-14].

On October 2, 2018, the Petitioner filed a § 2254 Petition in this Court. [Doc. 1]. On March 18, 2019, the Respondent filed a Motion for Summary Judgment. [Doc. 14].

On June 2, 2020, the Court entered an Order granting the Respondent's Motion for Summary Judgment. [Doc. 32].[2] The Court explained that while the Petitioner did "not challenge the voluntariness of his plea as a ground for relief in his § 2254 Petition[,]" three of his claims implicated the voluntariness of his plea. [Id.]. After examining those claims, the Court concluded that they were without merit and that the Petitioner had entered a knowing and voluntary guilty plea. [Id. at 8-32]. Accordingly, the Court explained that it could not consider the Petitioner's first, second, third, fifth, sixth, and eighth grounds for relief. [Id. at 8-31]. After concluding that the Petitioner's other grounds for relief were without merit, the Court dismissed the petition and declined to issue a certificate of appealability. [Id. at 40].

On June 10, 2020, the Petitioner filed a "Request for Reconsideration and Leave to Amend." [Doc. 35]. The Petitioner stated that his

> desire and request to amend is based upon his repeated representations, to this Court, of his layman status and his lack of access to a law library or

---

[2] The Honorable Frank D. Whitney, presiding. On November 11, 2020, this matter was reassigned to the undersigned.

> persons trained in the law, in conjunction with this Court's refusal to consider grounds 1, 2, 3, 5, 6 and 8 based upon Petitioner's inference of his plea being involuntary/unknowing, due to the constitutional deprivations outlined within said grounds, being insufficient to overcome his failure to specifically claim his plea was not involuntary/unknowing. Petitioner's amendment is meant to raise a claim of involuntary/unknowing plea in grounds 1, 2, 3, 5, 6, and 8.

[Id. at 1].

On June 16, 2020, the Court entered an Order construing the Petitioner's "Request for Reconsideration and Leave to Amend" as a motion under Rule 59(e) and denying that motion. [Doc. 35]. The Court explained that although the "Petitioner is under the mistaken impression that this Court refused to consider grounds 1, 2, 3, 5, 6 and 8 because Petitioner did not raise a free-standing claim that his guilty plea was unknowing and involuntary[,]" the Court had already considered and rejected the Petitioner's argument that his guilty plea was unknowing and involuntary. [Doc. 36 at 7]. For emphasis, the Court reiterated that he

> did not allege in his § 2254 Petition that he pled guilty at the advice of counsel, and Petitioner testified at the post-conviction evidentiary hearing that he had had no intention of proceeding to trial if the motions to suppress were denied, understood the terms of the plea agreement and accepted the agreement; and responded that he was entering his plea freely, fully understanding what he was doing, that he was pleading guilty, and that he was, in fact, guilty of the

4

> charges to which he was pleading. The Petitioner's proposed claim does not allege that he was unaware of the direct consequences of his plea or the actual value of any commitments made to him by counsel, the court, or the prosecutor.

[Id. at 8-9 (citing Doc. 32 at 30-31)].

On June 29, 2020, the Petitioner filed the present "Motion to Alter or Amend Judgment and Pleadings." [Doc. 37]. The Petitioner states that he "has now had the benefit of reviewing the Court's order dismissing his § 2254 petition, and the order denying his Request for Reconsideration, which has been instructive as to the law and manner in which he should analyze, plead, and argue his claims" and that "[h]e is particularly concerned that the Court did not consider petition grounds one, two, three, five, six, and eight because he did not adequately plead and argue the claim that his plea was involuntary." [Id.].

On August 12, 2020, the Petitioner filed an Application for Certificate of Appealability and Supporting Brief, again contending that the Court "refused to consider" grounds 1, 2, 3, 5, 6, and 8 "because the grounds for these claims pertained to alleged constitutional deprivations which occurred prior to Petitioner's guilty plea" and he "did not specifically 'claim' that these grounds affected the voluntariness of his plea." [Doc. 44 at 3]. The Petitioner further argues that the Court should grant a certificate of appealability

5

because reasonable jurists could debate the merits of all ten of his grounds of relief. [Id. at 6-34].

## II. STANDARD OF REVIEW

Because the Petitioner filed his "Motion to Alter or Amend Judgment and Pleadings" within 28 days of entry of judgment in this case, the Court will consider the motion as being made pursuant to Federal Rule of Civil Procedure 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)) (holding that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

Rule 59(e) provides that a judgment may be altered or amended in order: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The Fourth Circuit has cautioned that Rule 59(e) is considered an "extraordinary remedy" and should be used only "sparingly" in exceptional circumstances. Id. Such motions should not

6

be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Likewise, a "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson, 599 F.3d at 407.

## III. DISCUSSION

To begin, the Court notes that the present motion constitutes the Petitioner's second motion filed under Rule 59(e) and effectively asks the Court to reconsider its reconsideration of its prior Order. Although nothing in the Court's Local Rules provides for multiple motions for reconsideration, the Court will address the merits of the Petitioner's second motion under Rule 59(e).

The Petitioner first argues that the Court erred when it "refused to consider" grounds 1, 2, 3, 5, 6, and 8 because the Petitioner "did not specifically 'claim' that these grounds affected the voluntariness of his plea." [Doc. 44 at 3]. The Petitioner's argument simply ignores the Order that denied his first motion for reconsideration, which explained that the "Petitioner is under the mistaken impression that this Court refused to

7

consider grounds 1, 2, 3, 5, 6 and 8 because Petitioner did not raise a freestanding claim that his guilty plea was unknowing and involuntary." [Id. at 7]. As the Court explained in that Order, it did not consider those grounds because the Petitioner entered a knowing and voluntary guilty plea that forecloses federal collateral review. [Id. at 6-8]. Accordingly, the Court explained that the Petitioner's attempts to amend his petition to include a claim that his guilty plea was unknowing and involuntary were futile. [Id. at 6-8]. The Petitioner's continued efforts to amend his petition are similarly futile. Accordingly, the Petitioner's first argument is without merit.

The Petitioner also raises new arguments that could been have raised in his original habeas petition, and certainly in his first motion for reconsideration. [Doc. 44 at 6-35]. Such arguments are inappropriate in a Rule 59(e) motion. Pacific Ins. Co., 148 F.3d at 403 (stating that Rule 59(e) motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment[.]"). Accordingly, the Petitioner's new arguments do not constitute a basis for granting relief under Rule 59(e).

The Petitioner's remaining arguments simply reiterate the arguments that he raised in his habeas petition and in his first motion for reconsideration. [Doc. 44 at 6-35]. Successive motions for reconsideration that repeat the same arguments waste judicial resources. Gonzalez v. Arpaio, No.

CV1704173PHXROSESW, 2018 WL 9618501, at *2 (D. Ariz. Sept. 5, 2018) (stating that "filing a successive motion for reconsideration with the same unsuccessful arguments wastes valuable Court resources."), aff'd, 781 F. App'x 615 (9th Cir. 2019); Adams v. Hedgpeth, No. LA CV 11-03852 VBF-FFM, 2016 WL 4035607, at *3 (C.D. Cal. June 8, 2016) (noting that post-judgment motions that continue to re-evaluate judgments can divert the court's time and resources from other matters) (citations omitted); S. Snow Mfg. Co. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 566 (E.D. La. 2013) (stating that "[w]hen there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.").[3] Moreover, these renewed arguments merely reflect the Petitioner's disagreement with the Court's prior orders, which does not constitute a basis for relief under Rule 59(e). Hutchinson, 994 F.2d at 1082.

Having reviewed the Petitioner's arguments, the record, and the Court's prior orders, the Court concludes that the Petitioner has failed to show that the Court's prior orders contain a clear error of law or constitute a

---

[3] The Tenth Circuit recently held that a district court abused its discretion by granting a second motion under Rule 59(e) that raised the same arguments as those in the first motion. Nelson v. City of Albuquerque, 921 F.3d 925, 930 (10th Cir. 2019).

9

manifest injustice.  Accordingly, the Court will deny the Petitioner's "Motion to Alter or Amend Judgment and Pleadings." [Doc. 37].

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court concludes that the Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).  Accordingly, the Court will also deny the Petitioner's Application for Certificate of Appealability [Doc. 44].

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion to Alter or Amend Judgment and Pleadings" [Doc. 37] and Application for Certificate of Appealability [Doc. 44] are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED**.

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge